## Suriñach v. Ninlliat.

### Appeal from the District Court of Mayagüez.

#### No. 593.—Decided January 20, 1911.

Property Belonging to Minors—Proceedings for Disposal Thereof in Cases of Utility and Necessity.—In a proceeding for the disposal of property in cases of utility and necessity, instituted by the petitioner for the purpose of obtaining authorization to alienate or encumber property belonging to minors, the party alleging to have an interest in such property has no right to intervene in the *ex parte* proceeding, but must exercise his actions through contentious procedure, whether to have his title recognized, or to obtain, in whatever form, the review of the proceeding with reference to judicial authorization.

Id.—Appeal.—A person who has been unduly admitted as a party to a proceeding has no right to appeal, and should he do so the appeal must be dismissed. Only the parties or their successors in interest may exercise the right of appeal.

The facts are stated in the opinion.

*Mr. José Sabater* for appellant.

*Mr. Fernando Vásquez* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

Camilo Suriñach, in representation of his minor children, made an application to the District Court of Mayagüez for permission to sell or mortgage a certain piece of property of his children in order to pay a claim of their attorney for services. Luis Ninlliat y Ninlliat, alleging himself to be the real owner of the property which it was sought to sell or encumber, appeared before the district court to oppose the granting of such an order. The court refused to consider the grounds of the opposition as sufficient and granted Camilo Suriñach the right to mortgage the land in question. The appeal is taken by Luis Ninlliat y Ninlliat.

It is alleged by the appellee that such an appeal is authorized neither by any of the provisions of the Code of Civil Procedure nor by the Law of Special Legal Proceedings; that the judgment of the district court is not final as to appellant, who has a remedy in an adversary suit, and that such an adversary suit was begun and decided, so it is alleged,

against the appellant here; that the proceedings in the District Court of Mayagüez are only in the interest of the minors and that the appellant was never properly a party in such proceedings. We think this last consideration is properly decisive in the determination of this appeal. We find nothing in the law anywhere which would entitle the appellant to intervene in *ex parte* proceedings begun before the District Court of Mayagüez. If appellant had any claim on the property and was in possession of the property as alleged, his remedy was by an ordinary adverse suit, whether he sought to obtain a judgment with respect to the title or to review the proceedings in some other way. He was never properly a party in the proceedings before the District Court of Mayagüez. Not being such a party he had no standing in the court below, and consequently no right of appeal; only a party or his privies may appeal. (Sec. 294 Code Civil Procedure, 2 Cyc., 626.)

The appeal must be dismissed.

*Dismissed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.